IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MICHAEL ROGERS, | § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-16-CV-01171-FB |
| vs. | § § | |
| RUSTY HIERHOLZER, Kerr County Sheriff; SYLVIA FORAKER, Kerr County Jail Administrator; DR. FNU SMITH., Kerr County Jail Doctor, | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for Appeal and Request for a [sic] Appeal Attorney and a [sic] Extension of Time [#92]. Plaintiff informs the Court that he would like to appeal his case to the Fifth Circuit but requests an attorney to assist him and an extension of at least 45 days to file the appeal. The Court will grant the request for extension but deny the appointment of appellate counsel.

### I. Extension of Time

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) the party shows excusable neglect or good cause. Rule 4(a) requires a notice of appeal to be filed with the district clerk within 30 days after entry of the judgment or order appealed from. The Fifth Circuit has "held that appellants are entitled to make a 'good cause' showing only if a motion for extension of time is filed before the initial thirty-day appeal period expires," otherwise, a showing of "excusable neglect" is required. *Cowart v. Ingalls Shipbuilding*, No. 99–60034, 1999 WL 683819, at *1 (5th Cir. Aug. 4, 1999).

1

The record reflects that the District Court signed its final judgment in this case on September 4, 2019 [#91]. Plaintiff's motion for extension of time to appeal was erroneously filed with the Fifth Circuit on September 18, 2019 [#92-1], and the Fifth Circuit transmitted it to this Court. Accordingly, the motion was timely filed under Rule 4(a)(5)(i) before the expiration of the 30-day deadline for filing a notice of appeal, and Plaintiff therefore need only show good cause for the requested extension, as opposed to excusable neglect. *Cowart*, 1999 WL 683819, at *1. Plaintiff's stated reason for requesting an extension of time is the fact that is currently undergoing mental health treatment in prison and needs more time to either find an attorney or to develop his appeal. The Court finds good cause for the motion and will grant Plaintiff 45 additional days to file his notice of appeal with this Court. Plaintiff's original notice of appeal was due October 11, 2019. Plaintiff's new notice of appeal will be due 45 days thereafter or November 25, 2019.

## II. Appointment of Counsel

The Court will deny the request for the appointment of appellate counsel. Exceptional circumstances are necessary to justify the appointment of counsel in a civil rights action. *See Sierra Club v. Clifford*, 257 F.3d 444, 446 (5th Cir. 2001); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). Plaintiff has not shown that such circumstances exist, and the Court declines to appoint Plaintiff appellate counsel. *See Bowen v. Quarterman*, 339 Fed. App'x 479, 482 (5th Cir. 2009).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appeal and Request for a [sic] Appeal Attorney and a [sic] Extension of Time [#92] is **GRANTED IN PART AND DENIED IN PART** as follows:

- Plaintiff's request for the appointment of appellate counsel is **DENIED**.

- Plaintiff's request for an extension of time to file his appeal is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff file his Notice of Appeal in this Court on or before **November 25, 2019**.

SIGNED this 1st day of October, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE